# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.<br><br>Plaintiff,<br><br>v.<br><br>LOS PRADO COMMUNITY ASSOCIATION, INC., SATICOY BAY LLC SERIES 5328 LOCHMOR NEVADA ASSOCIATION SERVICES, INC.<br><br>Defendants.<br><br>SATICOY BAY LLC SERIES 5328 LOCHMOR<br><br>Counter Claimant,<br><br>v.<br><br>BANK OF AMERICA, N.A.<br><br>Counter Defendant | Case No. 2:16-cv-00917-RFB-BNW<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Defendant Saticoy Bay LLC Series 5328 Lochmor's ("Saticoy Bay") Motion for Summary Judgment, Plaintiff Bank of America, N.A.'s ("BANA") Motion for Partial

Summary Judgment, and Defendant Los Prados Community Association's (the "HOA") Motion for Summary Judgment. ECF Nos. 46, 47, 48. For the following reasons, the Court grants BANA's motion for partial summary judgment and denies the other motions.

## II. PROCEDURAL BACKGROUND

Plaintiff BANA sued Defendants Saticoy Bay, the HOA, and Nevada Association Services, Inc, ("NAS") on April 22, 2016. ECF No. 1. BANA seeks declaratory relief that a nonjudicial foreclosure sale conducted in 2013 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish its interest in a Las Vegas property. Id. On September 13, 2016, the Court stayed the case pending the Ninth Circuit's mandate in the case Bourne Valley Court Trust v. Wells Fargo Bank. 832 F.3d 1154 (9th Cir. 2016), cert denied 137 S. Ct. 2296 (2017). The operative amended complaint was filed on July 9, 2019. ECF No. 50. In the amended complaint, BANA asserts the following claims: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against Saticoy Bay; (2) quiet title under 12 U.S.C. § 4617(j)(3) against Saticoy; (3) quiet title/declaratory judgment against all Defendants; (4) breach of NRS 116.1113 against the HOA and NAS; (5) wrongful foreclosure against the HOA and NAS; and (6) injunctive relief against Saticoy Bay. Id. Saticoy Bay answered the complaint on July 22, 2019 and counterclaimed for quiet title/declaratory relief. ECF No. 51.

BANA, Saticoy Bay, and the HOA all now move for summary judgment. ECF Nos. 46, 47, 48. The motions have been fully briefed. ECF No. 52, 53, 54, 58, 59, 60, 64

## III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts. [1]

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Freddie Mac Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

### a. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 5328 Lochmor Avenue, Las Vegas, Nevada 89130 (the "Property"). The Property sits in a community governed by the HOA. The HOA requires the community members to pay dues.

Nonparties Cheryl B. Wixon and Leslie G. Wixon borrowed funds from the CIT Group/Consumer Finance, Inc (CIT) to purchase the Property in 2002. To obtain the loan, the Wixons executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists the Wixons as the borrower and CIT as the lender, was recorded on May 30, 2002. CIT assigned the deed of trust to Countrywide Home Loans, Inc. on June 4, 2003. On November 24, 2014, Countrywide recorded an assignment of the deed of trust to BANA, which remains the deed of trust beneficiary.

The Wixons failed to pay the required HOA dues. From September 15, 2008 through December 2012 the HOA recorded a notice of delinquent assessment lien concerning past-due assessments, followed by a subsequently recorded notice of default and election to sell and then a notice of foreclosure sale. On January 11, 2013 the HOA held a foreclosure sale on the Property under NRS Chapter 116. Saticoy Bay purchased the Property at the foreclosure sale. A foreclosure deed in favor of Saticoy Bay was recorded on March 18, 2013.

However, Federal National Mortgage Association ("Fannie Mae") previously purchased the note and the deed of trust in September 2002. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure sale. BANA serviced the note on behalf of Fannie Mae, at the time of the foreclosure sale.

The relationship between Fannie Mae and its servicers is governed by Fannie Mae's Single-

Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee Fannie Mae. In accordance with its authority, FHFA placed Fannie Mae under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the Property in this matter.

### b. Disputed Facts

The parties dispute the legal effect of the circumstances.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Court finds that the claims in this case may be resolved by answering three questions:

a) whether the Federal Foreclosure Bar under Section 4617(j) applies to claims brought by Fannie Mae, b) whether Fannie Mae's claims under Section 4617 to preserve assets of the conservatorship or the FHFA are subject to the six-year statute of limitations under Section 4617(b)(12)(A) and c) whether BANA, as servicer for Fannie Mae, may assert the claims under Section 4617(j) . The Court answers all questions in the affirmative.

First, the Court finds that claims by Fannie Mae in this case should be construed as claims brought by or on behalf of the FHFA as FHFA's agent. Pursuant to HERA, Fannie Mae was placed into conservatorship by FHFA in 2008. As the Ninth Circuit has explained in the context of the identically situated Federal Home Loan Mortgage Corporation ("Freddie Mac"), this means that the FHFA acquired Fannie Mae's "rights, titles, powers, and privileges with respect to its assets for the life of the conservatorship." Berezovsky v. Moniz, 869 F.3d 923, 927 (9th Cir. 2017) (internal citations omitted). The foreclosure sale in this case took place at a time that Fannie Mae was in conservatorship. Fannie Mae's interest in the subject property was therefore an asset of the FHFA in conservatorship at the time of the foreclosure sale. As the subject property in this case was an asset of the FHFA, the Federal Foreclosure Bar applies, since the "Federal Foreclosure Bar applies to any property for which the Agency serves as conservator and immunizes such property from any foreclosure without Agency consent." Id.  Thus, Fannie Mae may assert the application of the Federal Foreclosure Bar in this case.

The Court also finds that the six-year statute of limitations under Section 4617(b)(12)(A) applies to actions brought by Fannie Mae as an agent of the FHFA and while under its conservatorship. The relevant portion of the statute is as follows:

> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the [Federal Housing Finance] Agency as conservator or receiver shall be--
> (i) in the case of any contract claim, the longer of--

> (I) the 6-year period beginning on the date on which the claim accrues; or
> (II) the period applicable under State law; and
> (ii) in the case of any tort claim, the longer of--
> (I) the 3-year period beginning on the date on which the claim accrues; or
> (II) the period applicable under State law.
> 12 U.S.C. § 4617(b)(12)(A).

While the explicit language of this provision only references the "Agency," the Court's statutory analysis does not end there. "In interpreting statutes, a court's task is to construe Congress's intent." Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 958 (9th Cir. 2013). "Whether a statutory term is unambiguous . . . does not turn solely on dictionary definitions of its component words. Rather, '[t]he plainness or ambiguity of statutory language is determined [not only] by reference to the language itself, [but as well by] the specific context in which that language is used, and the broader context of the statute as a whole.'" Yates v. United States, 135 S. Ct. 1074, 1081– 82 (2015) (internal citation omitted). The clear intent of Congress in passing HERA was to be able to provide a mechanism to conserve and beneficially manage the assets of the FHFA. See 12 U.S.C. § 4617(b)(2)(B)(iv) (noting that FHFA has the power "to preserve and conserve the assets and property of the [Enterprises]"); see also County of Sonoma v. Fed. Hous. Fin. Agency, 710 F.3d 987, 993 (9th Cir. 2013) (discussing the scope of FHFA's powers under HERA). This is especially true when those assets are under conservatorship—hence, for example, the creation of the Federal Foreclosure Bar by Congress. Because Fannie Mae operates under the conservatorship of the FHFA and serves essentially as the FHFA's agent with respect to the disposition and sale of FHFA assets in the conservatorship, see 12 U.S.C. § 4617(b)(2)(B), it would be illogical and contrary to the intent of Congress to construe the statute to mean that actions brought by the FHFA's agent Fannie Mae, would be subject to a shorter statute of limitations period for actions to preserve assets than those where the FHFA is itself the named party. Indeed, such a construction would serve to dissipate the assets of the FHFA and the conservatorship by

requiring the FHFA to nominally appear separately in each action to preserve its assets along with Fannie Mae—even though the legal arguments of both entities would be identical. Rather, the Court finds that the most reasonable interpretation of the statute consistent with legislative intent is that Fannie Mae's legal actions while under conservatorship and in cases seeking to preserve the assets of the FHFA are subject to the federal statute of limitations that applies to "Agency" actions under Section 4617(b)(12)(A).

Further, the Court finds that the six-year statute of limitations for contract claims under Section 4617(b)(12)(A) applies to Fannie Mae's quiet title claim, rather than the shorter three-year limitations period for tort claims. "If a claim is dependent upon the existence of an underlying contract, the claim sounds in contract, as opposed to tort." Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 625 (9th Cir. 1996). In this case, the quiet title claim is dependent upon the underlying mortgage lien, which is itself based upon an interest created by a mortgage contract. The claim is also dependent upon Fannie Mae's underlying deed of trust and the related promissory note. Thus, the Court will apply the six-year statute of limitations pursuant to Section 4617(b)(12)(A) to Fannie Mae's quiet title claim. [2]

Finally, the Court considers whether BANA can bring the claims in a case such as this where Fannie Mae is not appearing as a party. The Ninth Circuit and the Nevada Supreme Court have repeatedly affirmed the ability of loan servicer-agents to assert claims on behalf of loan-owners/principals in the Federal Foreclosure Bar context. See Ditech Financial, LLC v. SFR Investments Pool 1, LLC, 793 F.App'x 490 (9th Cir. 2019) (noting that "[bank], as the loan

---

[2] As the Court has found that these claims should be construed as claims brought by the FHFA, the Court is required in any case to construe the limitations period in its favor. "To the extent that a statute is ambiguous in assigning a limitations period for a claim," it "must receive a strict construction in favor of the Government." Fed. Deposit Ins. Corp. v. Former Officers & Directors of Metro. Bank, 884 F.2d 1304, 1309 (9th Cir. 1989) (quoting Badaracco v. Commissioner, 464 U.S. 386, 391 (1984)).

servicer, acts as Fannie Mae's agent and has standing to assert the Federal Foreclosure Bar"); Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F.App'x 658, 659 (9th Cir. 2017) (same); Daisy Trust v. Wells Fargo Bank, N.A., 445 P.3d 846 (Nev. 2019) (same). Accordingly, the Court finds that BANA may assert the Federal Foreclosure Bar on behalf of Fannie Mae and adopt the same limitations period.

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) thus resolves this matter.[3] The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by a government-sponsored enterprise). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. A loan servicer may "assert a claim of federal preemption" as Fannie Mae's agent. Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F. App'x 658, 659 (9th Cir. 2017). Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing the deed of trust that Fannie Mae acquired in 2002.

Despite Berezovsky, Saticoy Bay contends that Fannie Mae failed to properly preserve its interest because it did not comply with the statute of frauds contained in NRS 111.205. But Saticoy Bay was not a party to the sale of the note and the deed of trust to Fannie Mae in 2002.

---

[3] Because the Court finds that the Federal Foreclosure Bar is dispositive in this case, the Court declines to make any findings of fact or to otherwise address arguments regarding tender.

Thus, Saticoy Bay does not have standing to assert an argument under the Nevada statute of frauds. Harmon v. Tanner Motor Tours of Nev., Ltd., 377 P.2d 622, 628 (Nev. 1963) ("The defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest).

Finally, the Court addresses the sufficiency of the evidence Fannie Mae submitted to establish its interest. To support its motion for summary judgment, BANA attaches printouts from Fannie Mae's electronic database. The printouts are accompanied by a declaration of Graham Babin, Fannie Mae's Assistant Vice President. Babin translates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout the course of business by persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that recount the different entities serving as a servicer.

The Ninth Circuit has allowed FHFA and the federal enterprises, such as Fannie Mae, to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017); Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court allowed a federal enterprise under the FHFA's conservatorship to prove its property interest with materially identical evidence. See Daisy Trust, 445 P.3d at 846 (favorably citing Berezovsky).

The printouts, in conjunction with the Guide, establish that a principal-agency relationship existed between Fannie Mae and BANA, as required in Berezovsky. 869 F.3d at 933. The

documents also establish that Fannie Mae purchased the loan in 2002—prior to the foreclosure sale—and owned it at the time of the foreclosure sale. BANA has therefore presented sufficient evidence under <u>Berezovsky</u> to prevail at the summary judgment stage.

Based on the forgoing, the Court grants summary judgment in favor of Plaintiff and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses all other claims and counterclaims as a result.

### VI. CONCLUSION

**IT IS ORDERED** that BANA's Motion for Partial Summary Judgment (ECF No. 47) is GRANTED. The Court declares that Defendant Saticoy Bay LLC acquired the Property subject to Fannie Mae's deed of trust. The Clerk of the Court is therefore instructed to enter judgment in favor of BANA on its quiet title claim.

**IT IS FURTHER ORDERED** that Defendant Los Prados Community Association's Motion for Summary Judgment (ECF No. 48), and Defendant Saticoy Bay LLC's Motion for Summary Judgment (ECF No. 46) are DENIED.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case (ECF No. 3), is expunged.

**IT IS FURTHER ORDERED** that the Clerk of Court close this case.

DATED: March 4, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**